IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


SHARON HAZELWOOD,                        )
                                         )
        Plaintiff,                       )
                                         )
v.                                       )        No.  3:05-cv-356
                                         )
TENNESSEE DEPARTMENT OF                  )
SAFETY, et al.,                          )
                                         )
        Defendants.                      )


## MEMORANDUM OPINION


        This civil action is before the court on the motion of defendant

Tennessee Department of Safety and defendants Fred Phillips, Tom Moore, Lynn

Pitts, Charles Laxton, Larry Rucker, Dennis Murray, Dave Cooley, Jennie Phillips,

Cathy Robertson,[1] Dawn Clanin[2] and Travis McNeal, sued in their official

capacities, for a dismissal of the plaintiff's claims for money damages against

them [doc. 44].  The plaintiff has not responded within the time allowed, and the

motion is ripe for the court's consideration.  For the reasons discussed below, the

motion will be granted in part and denied in part.

_____

        [1] The motion names this defendant as "Cathy Robinson," but there is no such defendant named in
the complaint.  It appears that the correct name is "Cathy Robertson."

        [2] By separate agreed order, all claims against defendants Jennie Phillips, Cathy Robertson and
Dawn Clanin were dismissed without prejudice.

In her complaint, the plaintiff alleges that her employment with the

Tennessee Highway Patrol was terminated in violation of her First, Fifth and

Fourteenth Amendment rights, and she sues the defendants under 42 U.S.C.

§§ 1983 and 1985.

On a motion to dismiss alleging a failure to state a claim (Fed. R.

Civ. P. 12(b)(6)), the court

> must construe the complaint in a light most favorable to
> the plaintiff, accept all of the factual allegations as true,
> and determine whether the plaintiff undoubtedly can
> prove no set of facts in support of his claims that would
> entitle him to relief. . . When an allegation is capable of
> more than one inference, it must be construed in the
> plaintiff's favor. . . Hence, a judge may not grant a Rule
> 12(b)(6) motion based on a disbelief of a complaint's
> factual allegations.

*Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995),

*cert. denied*, 516 U.S. 1158 (1996) (citations omitted).

First, the motion seeks dismissal of the claims against the State of

Tennessee pursuant to *Will v. Michigan Department of State Police*, 491 U.S. 58,

109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) and the Eleventh Amendment to the

United States Constitution. The State of Tennessee, however, is not a defendant

in this case. Nevertheless, the defendants' arguments apply to the Tennessee

Department of Safety and to the defendants sued in their official capacities.

In *Will*, the Supreme Court held that a state is not a "person" within

the meaning of § 1983, in part because of the Eleventh Amendment, which

2

prohibits suits against a state by its citizens unless the state has waived its immunity. *Id.* at 66-67, 109 S.Ct. at 2309-10. The holding applies to "arms of the State." The Eleventh Amendment also prohibits suits against a state and its agencies under § 1985. *See, e.g., Abe v. Mich. Dept. of Consumer & Indus. Servs.*, No. 99-1813, 2000 WL 1176878, at *1 (6th Cir. Aug. 9, 2000). Thus, the § 1983 and § 1985 claims against the Tennessee Department of Safety as a Tennessee State agency must be dismissed.

The officers of the State sued in their official capacities seek dismissal of the claims against them under the same theory. While they are not "persons" within the meaning of § 1983 for most purposes, such defendants, however, may be liable for prospective relief. *Id.* at 70-71, 109 S.Ct. at 2312 (citing *Kentucky v. Graham*, 473 U.S. 159, 167, n. 14, 105 S.Ct. 3099, 3106, n. 14, 87 L.Ed.2d 114 (1985) ("official-capacity actions for prospective relief are not treated as actions against the state")); *see also Wolfel v. Morris*, 972 F.2d 712, 718 (6th Cir. 1992) (Eleventh Amendment is not a bar to injunctive relief against defendants in their official capacities). In this case, the plaintiff seeks compensatory and punitive damages against the defendants as well as reinstatement to her position, a type of prospective relief. *See Carten v. Kent State Univ.*, 282 F.3d 391, 396 (2002) ("claims for reinstatement are prospective in nature"). Thus, only the plaintiff's claims for damages other than prospective

3

relief against the defendants sued in their official capacities may be appropriately

dismissed.

Therefore, the defendants' motion will be granted in part and denied

in part. An order reflecting this opinion will be entered.


ENTER:


                    *s/ Leon Jordan*
United States District Judge